IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR371** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **GARY L. WALKER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the government's objections thereto (Filing No. 22). See "Order on Sentencing Schedule," ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The government objects to the quantity of controlled substance attributable to the Defendant in ¶¶ 12, 19 and 96 and the application of base offense level 28. The plea agreement reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) recommends a base offense level of 26 based on a drug quantity of 61.5 grams or at least 50 but less than 200 grams of a mixture or substance containing a detectable amount of methamphetamine. The Court's tentative findings are that, absent unusual circumstances, the plea agreement should be upheld and the base offense level should be calculated as level 26. The total offense level is 24 and, with the Defendant's placement in criminal history category IV his sentencing guideline range is 77-96 months. The fine range for both counts becomes $10,000-$1,000,000.

IT IS ORDERED:

1.	The Court's tentative findings are that the government's objections (Filing No. 22) to the PSR are granted;

2.	The parties are notified that my tentative findings are that the PSR is correct in all other respects;

3.	If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.	Absent submission of the information required by paragraph 3 of this order, my tentative findings may become final;

5.	Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 26th day of April, 2007.

BY THE COURT:

S/ Laurie Smith Camp
United States District Judge